IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,382-01






EX PARTE ANTHONY DWAYNE JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2001-019-1 IN THE 22
ND JUDICIAL DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery, and
originally received deferred adjudication community supervision. His guilt was later adjudicated,
and he was sentenced to three years' imprisonment. 

 Applicant contends that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). Specifically, Applicant
alleges that he was considered for, and denied release on a date prior to his projected release date. 
See Ex parte Geiken, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000); Ex parte Retzlaff, 135 S.W.3d
45, 47 (Tex. Crim. App. 2004). Applicant also alleges that he has not received written notice of the
reasons for the decision to deny release. Greenholtz v. Inmates of Neb. Penal & Correctional
Complex, 442 U.S. 1, 16 (U.S. 1979).

 Applicant has alleged facts that, if true, might entitle him to relief. Although the trial court
recommends denying relief because Applicant has not submitted his claim to the time credit
resolution system of TDCJ, the exhaustion requirement for time credit claims is not applicable in
this case. Applicant's claim is not a time credit claim, but one of denial of due process. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded adequate
notice that he would be considered for release on mandatory supervision by the Texas Board of
Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make findings as to whether Applicant
received written notice of the reasons for denying release to mandatory supervision, if in fact such
a decision was made. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 23, 2007

Do not publish